AO 106 (Rev 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH CERTAIN<br>TELEPHONE NUMBERS, THAT IS STORED AT A<br>PREMISES CONTROLLED BY AT&T | )<br>)<br>)<br>)<br>)<br>)  Case No.  19-255-m |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*

AT&T, 11760 US Highway One, North Palm Beach, Florida

located in the _____Southern_____ District of _____Florida_____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENTS A and B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U S C. § 2113(a) | bank robbery |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Matthew Yaeger, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/14/2019

City and state: Philadelphia, PA

*Judge's signature*

HON. LYNNE A. SITARSKI, USMJ
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH THE
CELLULAR TELEPHONES ASSIGNED
CALL NUMBERS 570-650-4894 AND 570-
862-1364, THAT IS STORED AT
PREMISES CONTROLLED BY AT&T

Magistrate No. \_\_\_\_ 19-255 \_\_\_

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Matthew Yaeger, being duly sworn under oath and deposed, state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to

the Philadelphia, Pennsylvania Division. I have been a Special Agent of the FBI for more than

12 years. I am currently assigned to the Philadelphia Violent Crime squad and have been for

approximately the past 4.5 years. For the prior 5 years, I was assigned to the Organized Crime

squad. For approximately 3.5 years prior to that, I was assigned to the Violent Crimes/Major

Offenders squad in the FBI's Milwaukee, Wisconsin Division. In the course of my work, I have

investigated violations of federal law being committed by violent offenders and criminal

organizations, including murders, robberies, drug offenses, racketeering, gambling offenses,

firearms offenses, and money laundering offenses. I have received training in the analysis of cell

site location information, and I have participated in numerous investigations that have involved

such analysis.

2.      I make this affidavit in support of an application for a search warrant for

information associated with certain cellular telephones assigned call numbers 570-650-4894

("SUBJECT PHONE 1") and 570-862-1364 ("SUBJECT PHONE 2"), collectively referred to

herein as "the SUBJECT PHONES", used by WILLIAM FISCHER, that is stored at premises controlled by AT&T, a wireless telephone service provider headquartered at 11760 US Highway One, North Palm Beach, Florida. The information to be searched is described in the following paragraphs and in Attachment A. The information sought is cell site location information. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3.     This affidavit is based upon my personal knowledge, experience and investigation, as well as information related to me directly or through reports of other FBI agents and task force officers, and other law enforcement officers in the course of their official duties. Throughout this affidavit, reference will be made to "agents," referring to those federal, state and local law enforcement officers who have directly participated in the investigation, and with whom I have had regular contact.

4.     Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included all information known by me or other agents concerning this investigation. I have set forth only those facts I believe are essential to establish the necessary foundation for the search warrant. This affidavit does not exhaust my knowledge or that of other agents of the facts and circumstances surrounding this investigation.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe that RICHARD BOYLE has committed violations of 18 U.S.C. §§ 2113(a) (bank robbery) and

2

924(c). There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

      6.     The government seeks to obtain and search cell site location information for the SUBJECT PHONES that were utilized by WILLIAM FISCHER. FISCHER pleaded guilty to committing a series of bank robberies in the Scranton, Pennsylvania area between December 2015 and September 2017. RICHARD BOYLE has been charged with committing a separate series of bank robberies in the suburban Philadelphia area between June 2012 and July 2016. The government does not believe that FISCHER was involved in the robberies with which BOYLE has been charged. However, BOYLE has indicated that he intends to proceed to trial and, in his defense, claim that FISCHER committed the robberies for which BOYLE stands trial.

      7.     Agents believe that FISCHER's call detail information will assist them in determining if BOYLE's assertion has any merit. For example, if FISCHER's cell phone utilized cell towers in the areas of the victim banks during the times of the robberies, it may tend to corroborate BOYLE's information. Conversely, if FISCHER's cell phone utilized cell towers in areas away from the victim banks during the times of the robberies, it may tend to disprove BOYLE's assertion. In either case, the data will likely be relevant and material to testimony that would be presented if BOYLE proceeds to trial.

### RICHARD BOYLE, a.k.a. "The Straw Hat Bandit"

      8.     From 2012 to 2016, the FBI and various local law enforcement agencies investigated a string of armed bank robberies in Bucks County and Montgomery County, Pennsylvania. In each robbery, the offender was approximately 6 feet tall and stocky, wearing a facial covering and gloves. The offender often wore business clothing, such as a suit and tie, and sometimes wore a hat. Agents dubbed the offender the "Straw Hat Bandit," based on a hat worn

3

in one of the early robberies. BOYLE has been charged with committing the following robberies:

       a.     June 8, 2012 – Colonial American Bank, 300 Welsh Road, Horsham, PA

       b.     September 28, 2012 – First Federal Bank, 803 Park Avenue, Wrightstown, PA

       c.     January 18, 2013 -- Wells Fargo Bank, 706 Stony Hill Road, Yardley, PA

       d.     March 30, 2013 -- PNC Bank, 1015 Bethlehem Pike, Ambler, PA

       e.     May 24, 2013 – Harleysville Savings Bank, 1889 East Ridge Pike, Royersford, PA

       f.     May 24, 2013 -- Univest Bank, 4285 Township Line Road, Schwenksville, PA[1]

       g.     August 30, 2013 – Wells Fargo Bank, 25 West Skippack Pike, Ambler, PA

       h.     January 2, 2014 – First Priority Bank, 10 Sentry Parkway, Blue Bell, PA

       i.     January 6, 2015 – Wells Fargo Bank, 481 West Germantown Pike, Plymouth Meeting, PA

       j.     July 3, 2015 – Wells Fargo Bank, 1675 Limekiln Pike, Dresher, PA

       k.     July 2, 2016 – PNC Bank, 1216 Welsh Road, North Wales, PA

---

[1]     On May 24, 2013, as the offender fled the Harleysville Savings Bank robbery, a dye pack exploded, which likely ruined the proceeds of the robbery. The same offender committed the Univest Bank robbery approximately 30 minutes later.

  

Case 2:19-mj-00255   Document 1   Filed 02/14/19   Page 6 of 12

9.     Agents developed substantial evidence that RICHARD BOYLE was the "Straw Hat Bandit." On April 12, 2017, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging BOYLE with 11 counts of bank robbery (for each of the above robberies), 10 counts of using a firearm during the commission of a violent crime, and 10 counts of money laundering.

## **WILLIAM FISCHER**

10.     From December 2015 through September 2017, a separate string of armed bank robberies occurred in Northeast Pennsylvania, approximately 100 miles from the Straw Hat Bandit robbery locations. The offender in the Northeast Pennsylvania robberies was a white male, approximately 6'0" tall, who wore a facial covering and gloves. The offender would also display a handgun. Investigators in Northeast Pennsylvania ultimately identified 14 robberies as part of this spree, committed between December 1, 2015 and September 13, 2017. The banks were located in the following cities in Northeast Pennsylvania: Archbald, Elmhurst, Gouldsboro, Newfoundland, Scranton, Stroudsburg, Tannersville and West Pittston (located in Lackawanna, Wayne, Monroe and Luzerne Counties).

11.     On September 13, 2017, shortly after a bank robbery in Gouldsboro, PA, law enforcement officers conducted a traffic stop of a vehicle involved in the robbery and arrested WILLIAM FISCHER. FISCHER ultimately admitted that he committed all 14 robberies and pled guilty to an Information in federal court in the Middle District of Pennsylvania. In September 2018, FISCHER was sentenced to 235 months in prison.

12.     In October 2018, RICHARD BOYLE, through his counsel, filed a Motion in Limine, requesting permission for BOYLE to question law enforcement witnesses at his trial regarding FISCHER's bank robberies. As stated in BOYLE's motion, "Richard [BOYLE]

5

asserts that the jury should know about this other set of robberies due to the similarities of the cases, including the manner in which the banks were robbed as well as the physical characteristics of the robber." The Court subsequently granted BOYLE's motion. BOYLE is scheduled to begin trial on March 4, 2019.

13.     Agents believe there is proof beyond a reasonable doubt that BOYLE is the Straw Hat Bandit, and do not believe that FISCHER had any involvement in BOYLE's robberies. Despite the fact that BOYLE and FISCHER are both approximately 6 feet tall and both series of robberies involved offenders who carried a gun and wore facial coverings, there are numerous factors that distinguish the two separate robbery sprees.

14.     Agents believe that historical cell tower data for FISCHER will further assist them in determining if BOYLE's assertion has any merit. For example, if FISCHER's cell phone utilized cell towers in the areas of the victim banks during the times of the robberies, it may tend to corroborate BOYLE's information. Conversely, if FISCHER's cell phone utilized cell towers in areas away from the victim banks during the times of the robberies, it may tend to disprove BOYLE's assertion. In either case, BOYLE has indicated that he plans to present evidence of FISCHER's robberies at trial, so the data will likely be relevant and material to testimony regarding those robberies.

15.     Following FISCHER's arrest, investigators in Northeast Pennsylvania determined that FISCHER's cell phone number was 570-650-4894 (SUBJECT PHONE 1, serviced by AT&T). Records obtained from AT&T at that time indicated that FISCHER activated SUBJECT PHONE 1 on November 3, 2013. Four of the Straw Hat Bandit bank robberies occurred after November 3, 2013: on January 2, 2014; January 6, 2015; July 3, 2015; and July 2, 2016. On January 14, 2019, the government obtained a federal search warrant requesting

6

historical cell site information for SUBJECT PHONE 1 for those four dates. On January 17, 2019, AT&T provided records responsive to the search warrant. I have reviewed those records and determined that, on the dates and times of those four Straw Hat Bandit robberies, SUBJECT PHONE 1 was not using cell towers in the areas of the victim banks.

16.    AT&T, in response to subpoenas, has provided the government additional records indicating that FISCHER was actually the subscriber of SUBJECT PHONE 1 prior to November 2013 – the records show that FISCHER was the subscriber between at least March 22, 2011 and December 3, 2017.[2] That time period encompasses the dates of the remaining Straw Hat Bandit robberies that were not included in the previous search warrant related to SUBJECT PHONE 1. The AT&T records also reveal that FISCHER was the subscriber of a second AT&T phone line (570-862-1364, SUBJECT PHONE 2) between March 22, 2011 and January 10, 2016. That time period encompasses all of the Straw Hat Bandit robberies, with the exception of the July 2, 2016 robbery. Based on my training and experience, I am aware that individuals often utilize multiple cellular telephone numbers during the same time period. Sometimes the use of multiple phones is for legitimate purposes; other times, criminals may use one phone as a "clean" phone for legal activities, and another phone as a "dirty" phone for illegal activities.

17.    Therefore, the government is seeking a search warrant for data regarding the SUBJECT PHONES for the following dates:

---

[2] FISCHER was assigned one AT&T account number from March 22, 2011 through November 3, 2013, and a different AT&T account number from November 3, 2013 through December 3, 2017. The records provided by AT&T following FISCHER's arrest only related to the later account number, which is why it initially appeared that FISCHER began using SUBJECT PHONE 1 in November 2013.

7

a. For SUBJECT PHONE 1 (570-650-4894): June 8, 2012; September 28, 2012; January 18, 2013; March 30, 2013; May 24, 2013; and August 30, 2013. These are the dates when Straw Hat Bandit robberies occurred that were not covered by the previous search warrant.

b. For SUBJECT PHONE 2 (570-862-1364): June 8, 2012; September 28, 2012; January 18, 2013; March 30, 2013; May 24, 2013; and August 30, 2013; January 2, 2014; January 6, 2015; and July 3, 2015. These are the dates when Straw Hat Bandit robberies occurred during the time when FISCHER was the subscriber of SUBJECT PHONE 2.

## AT&T

18.     In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

8

19.     Based on my training and experience, I know that AT&T can collect cell-site data about the SUBJECT PHONES. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

20.     Based on my training and experience, I know that wireless providers such as AT&T typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as AT&T typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONES' user or users and may assist in the identification of co-conspirators and/or victims.

## **AUTHORIZATION REQUEST**

21.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

22.     I further request that the Court direct AT&T to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on AT&T, who will then compile the requested

9

records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

23.     Under 18 U.S.C. §§ 2703(b)(1)(A) and 2703(c)(3), the government does not have to notify the subscriber when it obtains a search warrant.

24.     This Court has jurisdiction to issue the proposed search warrant because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(a). Specifically, the Court is a "district court of the United States (including any magistrate judge) that has jurisdiction over the offense being investigated." See 18 U.S.C. § 2711(3)(A)(i).

Respectfully submitted,

Matthew Yaeger
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on February _14_, 2019

HONORABLE LYNNE A. SITARSKI
United States Magistrate Judge

25.   On February 13, 2019, FISCHER provided a written, signed consent form (through his attorney), authorizing the government to obtain the requested records. (See Exhibit #1, attached.)

10



EXHIBIT # 1

I, William Fischer, was the user of telephone numbers 570-650-4894 and 570-862-1364 between approximately 2011 and 2016. I understand that Richard Boyle has accused me of committing certain bank robberies in the Eastern District of Pennsylvania for which Boyle is charged. I assert that I did not commit those bank robberies. I further understand that the Federal Bureau of Investigation (FBI) would like to acquire historical cell site information for my phones in order to corroborate my assertion. I consent to the FBI obtaining historical cell site information for my phones because I would like to clear my name from the accusation that I committed these bank robberies. I have been advised of my right to refuse consent, I give this permission voluntarily, and I authorize the FBI to take any evidence from the phone records that they determine may be related to their investigation.

William Fischer
_____
William Fischer